UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Julie Dermansky, | Civil Action No. |
| *plaintiff,* | Section    Division |
| versus | District Judge |
| Morris Bart L.L.C. | Magistrate Judge |
| *defendant.* | **Jury Trial Requested** |

## Complaint

To support this *Complaint*, the plaintiff alleges the following against the defendant:

### Nature of the Action

1. This is an action for direct copyright infringement and for violating plaintiff's rights under Section 1202 of the U.S. Copyright Act resulting from the unauthorized removal, alteration and/or falsification of Copyright Management Information ("CMI"), as that term is defined under 17 U.S.C. § 1202. Plaintiff Julie Dermansky, a professional commercial photographer, sues in response to the unauthorized use of her original copyrighted photographs, and other copyright violations, by defendant Morris Bart, L.L.C. ("Bart"), a law firm, on Bart's website, morrisbart.com ("Bart Website").

### Parties

2. Julie Dermansky is a natural person of the full age of majority who lives and works in St. Tammany Parish. Since 2008, and at all relevant times, Dermansky has provided professional commercial photography services, specializing in political figures, social injustice, and environmental matters.

1

3. Defendant Bart is a Louisiana limited liability company, doing business as Morris Bart in, at least, the states of Louisiana and Arkansas. Bart maintains, operates, and does business through its website, morrisbart.com.

4. Bart has its principal place of business in New Orleans, Louisiana.

### Jurisdiction and Venue

5. This action arises under U.S. Copyright Act, 17 U.S.C. § 101, *et seq*.

6. This court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This court has personal jurisdiction over Bart because it is registered to do business, and maintains its principal place of business, in the State of Louisiana.

8. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

### Background Facts

9. Dermansky is a professional commercial photographer who provides, among other services, journalistic photography services to clients. Dermansky charges and invoices these clients for the cost of her services, and further licenses her photographs for use by such clients according to limitations specified under her written and oral licensing agreements. Dermansky also licenses her photographs for uses in print and on the Internet.

10. In 2010, Dermansky shot a photograph of four horseback-mounted police officers patrolling the French Quarter during Mardi Gras ("Mounted Police Photograph"). Attached as **Exhibit A** is a copy of the Mounted Police Photograph.

11. Dermansky is the sole owner of the copyright in the Mounted Police Photograph and effectively registered the Mounted Police Photograph with the U.S Copyright Office on November 27, 2017, with the Reg. No. VA 2-078-327. Attached as **Exhibit B** is a copy of the registration certificate for the Mounted Police Photograph.

12. In the Fall of 2020, Dermansky discovered that, beginning on or about February 14, 2019, Bart reproduced, distributed, and displayed the Mounted Police Photograph on the Bart Website.

13. Without authorization or permission, Bart obtained the Mounted Police Photograph from someone other than Dermansky who was not authorized to sub-license the Mounted Police Photograph to Bart.

14. Upon information and belief, any authorized licensee of the Mounted Police Photograph was required to and did maintain Dermansky's authorship and ownership credits ("Copyright Management Information," or "CMI") and credited her as the owner and/or photographer in connection with any such licensed use of the Mounted Police Photograph.

15. By creating an unauthorized copy of the Mounted Police Photograph, most likely by taking a screenshot of it, Bart intentionally removed the embedded metadata including Dermansky's CMI attributing authorship and ownership of the copyright in the Mounted Police Photograph to Dermansky and published the Mounted Police Photograph on Bart's own website knowing that Dermansky's CMI was removed or omitted. Attached as **Exhibit C** are screen captures of the Bart Website displaying unauthorized copies of the Mounted Police Photograph.

16. Bart did not ask Dermansky for permission to use the Mounted Police Photograph.

17. At the time of Bart's display and distribution of the Mounted Police Photograph on the Bart website, Dermansky had not granted Bart any license or permission to reproduce, publicly display, or otherwise use the Mounted Police Photograph for any purpose.

18. In addition to the foregoing, by its unauthorized publication and display of the Mounted Police Photograph, Bart distributed copies of the Mounted Police Photograph with its CMI having been removed, altered and/or falsified, and knowing that the CMI had been removed, altered and/or falsified.

19. As shown in **Exhibit C**, the webpage on the Bart Website which displayed the Mounted Police Photograph included a copyright notice which attributes the ownership of all materials on the Bart Website, without exception, to "MORRIS BART ATTORNEYS AT LAW - ALL RIGHTS RESERVED." On information and belief, at all relevant times Bart's copyright notice has been affixed to every page on the Bart Website.

20. As shown in **Exhibit C**, next to Bart's copyright notice is a hyperlink that reads "Privacy Policy," which, when clicked on by a viewer or user, brings the viewer or user to another webpage on the Bart Website (https://www.morrisbart.com/privacy-policy/), which contains the terms and conditions that govern the use of the Bart Website ("Bart Privacy Policy"). Attached as **Exhibit D** is a screen shot of the Bart Privacy Policy, which states, in relevant part:

    > You should assume that everything you see or read on the Site is copyrighted unless otherwise noted and may not be used except as provided in these Terms and Conditions or in the text on the Site without the written permission of Morris Bart. . . .
    >
    > Images of people or places displayed on the Site are either the property of, or used with permission by, Morris Bart. The use of these images by you, or anyone else authorized by you, is prohibited unless specifically permitted by these Terms and Conditions or specific permission provided elsewhere on the Site.

21. On information and belief, every webpage on the Bart Website contains Bart's copyright notice immediately next to a link to Bart Privacy Policy.

4

22. Bart's copyright notice and the Bart Privacy Policy constitute false CMI because Bart is not the owner of the Mounted Police Photograph, never obtained a license or other permission to use the Mounted Police Photograph, and has no right or authority to grant permission to third parties to use the Mounted Police Photograph.

23. To reduce the cost of litigation for both parties, and receive expedited relief for her damages, Dermansky first filed her claims, (as further detailed below), before the newly formed Copyright Claims Board ("CCB"), a tribunal of administrative judges within the copyright office designed to handle small claims under 17 U.S.C. § 1500 et seq.[1] Attached as **Exhibit E** is a copy of Dermansky's claim as filed with the CCB on July 7, 2023 in the matter styled as *Dermansky v. Morris Bart, L.L.C*, Docket # 23-CCB-0244, without attachments.

24. The CCB claim filing "toll[ed] the time permitted under section 507(b) for the commencement of an action on the same claim in a district court of the United States during the period in which the proceeding is pending." 17 U.S.C. § 1504(b)(2). Thus, this action is timely because: (1) Dermansky discovered the infringement on October 2, 2023; (2) Dermansky filed a claim with the CCB on July 19, 2023, before the expiration of the statute of limitations; and (3) the CCB claim is still pending as of the date of the commencement of this federal civil action. The CCB claim will be dismissed, without prejudice, upon filing this action.

---

[1] Dermansky initially filed her claims in the CCB against Morris Bart L.L.C. and Morris Bart and Associates, A Professional Law Corporation (the "Morris Bart PLC"). On September 18, 2023 Dermansky's counsel contacted Greg Latham, counsel for Morris Bart L.L.C. and Morris Bart PLC in order to obtain a waiver of service. On September 28, 2023, Mr. Latham informed Dermansky's counsel that Morris Bart PLC was not a correctly named respondent in the CCB, offering to waive service on Morris Bart L.L.C. in exchange for Dermansky dismissing Morris Bart PLC. Based upon this exchange, on October 18, 2023 Dermansky and Morris Bart stipulated to dismiss without prejudice Dermansky's claim against Morris Bart PLC. On November 30, 2023, the CCB filed an order dismissing without prejudice the claim against Morris Bart PLC. Dermansky reserves her right to amend this pleading to add Morris Bart PLC or other Morris Bart entities based upon facts obtained through discovery.

5

25. Like many professional commercial photographers, Dermansky's livelihood depends on revenue generated by licensing her original works for reproduction and public display. Regarding the Mounted Police Photograph, Bart's actions have deprived Dermansky of this revenue and have caused significant monetary harm to Dermansky, threatening her livelihood. Dermansky sues to recover her damages.

**FIRST CLAIM FOR RELIEF:**
**Direct Copyright Infringement**
**17 U.S.C. § 101,** *et seq.*

26. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27. The Mounted Police Photograph is an original copyrighted work.

28. Dermansky is the sole author and owner of the Mounted Police Photograph.

29. Dermansky has complied in all respects with 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights in and ownership of the Mounted Police Photograph, and has filed her registration for copyright in the Mounted Police Photograph with the U.S. Copyright Office in accordance with its rules and regulations. Dermansky has received Registration No. VA 2-078-327, with an effective registration date of November 27, 2017, a copy of which is attached as **Exhibit B**.

30. By publishing and displaying a copy of the Mounted Police Photograph on its website, morrisbart.com, in connection with articles titled, "New Orleans Mardi Gras: An Unofficial Guide to Common Sense & Not Getting Arrested," Bart has infringed Dermansky's copyright in the Mounted Police Photograph by reproducing and publicly displaying the same, without Dermansky's permission or authorization.

31. Bart has done so willfully and intentionally, with full knowledge of Dermansky's copyright.

32. As a direct and proximate result of the copyright infringement described above, Dermansky has been and continues to be damaged in an amount to be determined at trial.

33. As a direct and proximate result of the copyright infringement described above, Bart has gained and/or will gain substantial profits because of its infringement in an amount unknown and to be determined at trial.

34. The November 27, 2017 effective date of the registration of the Mounted Police Photograph pre-dates the first use of the Mounted Police by Bart on February 24, 2019. So, under 17 U.S.C. § 504, Dermansky has the right to elect to recover either statutory damages or actual damages.

35. If Dermansky elects statutory damages, she is entitled to recover up to $150,000.00 because Bart willfully infringed her copyright in the Mounted Police Photograph.

36. Alternatively, Dermansky is entitled to recover her actual damages and any additional Bart profits not calculated in the computation of her actual damages in an amount to be determined at trial under 17 U.S.C. § 504.

37. In addition, Dermansky is entitled to recover her costs and attorneys' fees under 17 U.S.C. § 505.

38. In addition, Dermansky has the right to permanent injunctive relief enjoining and restraining Bart from infringing her copyright under 17 U.S.C. § 502.

### SECOND CLAIM FOR RELIEF:
### Falsification and/or Removal of Copyright Management Information
### Digital Millennium Copyright Act, 17 U.S.C. §1202

39. Dermansky incorporates by reference and realleges the allegations in paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. Bart knowingly provided, published and distributed false CMI by including its copyright notice and a link to the Bart Privacy Policy on the same webpage which

7

displays the Mounted Police Photograph, and without any credit to Dermansky as author or copyright owner.

41. By including its own copyright notice and a link to the Bart Privacy Policy, Bart knowingly and falsely claimed that it owned and/or had permission to use the Mounted Police Photograph.

42. Bart knowingly included its own copyright notice and a link to the Bart Privacy Policy on the same webpage which displays the Mounted Police Photograph, and without any credit to Dermansky as author or copyright owner, with intent to induce, enable, facilitate, or conceal infringement of Dermansky's rights in the Mounted Police Photograph, including, but not limited, by intending to conceal Bart's own infringing uses of the Mounted Police Photograph.

43. At all times, Bart knew that it had no rights or interest in the Mounted Police Photograph.

44. At all times, Bart knew that it never obtained permission to use the Mounted Police Photograph.

45. Bart violated 17 U.S.C. § 1202(a) each time it knowingly provided or distributed such false copyright information.

46. After taking discovery relating to Bart's initial sourcing of the Mounted Police Photograph, Dermansky expects (and reserves her right) to amend this *Complaint* to include further allegations that Bart removed or altered Dermansky's CMI from the Mounted Police Photograph.

47. Dermansky has suffered actual damages because of the acts complained of herein in an amount to be determined.

48. Bart has gained profits attributable to the acts complained of herein in an amount unknown and to be determined at trial.

49. Dermansky is entitled to recover from Bart her actual damages and any additional profits not considered in computing her actual damages under 17 U.S.C § 1203(c)(2).

50. In the alternative, and at her election, Dermansky is entitled to recover from Bart, for each violation of 17 U.S.C. §§ 1202, multiplied by the number of violations which is unknown to Dermansky and which will be proven at trial, statutory damages of no less than $2,500.00 per violation and up to $25,000.00 per violation under 17 U.S.C. § 1203(c)(3)(B).

51. Dermansky is further entitled to recover her attorney's fees and costs from Bart under 17 U.S.C. §§ 1203(b)(4) and (b)(5).

52. Dermansky also has the right to permanent injunctive relief to prevent or restrain further violations of 17 U.S.C.§ 1202 under 17 U.S.C. § 1203(b)(1).

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment in her favor and against the defendant:

(a) For an award of monetary damages in an amount to be proven at trial, but which is no less than $175,000.00;

(b) For her attorneys' fees and costs;

(c) For a permanent injunction preventing further violations of her rights;

(d) For interest as allowed by law; and

(e) For such relief as the Court deems just and proper.

**Jury Trial Demand**

Under Rule 38 of the Federal Rules of Civil Procedure, Dermansky demands a trial by jury for all issues so triable.

Respectfully submitted,

 */s/ Andrew T. Lilly*
**Andrew T. Lilly (La. 32559)**
Lilly PLLC
4907 Magazine Street
New Orleans, Louisiana 70115
t: (504) 812-6388
e: andrew@atlpllc.com

and

**LEICHTMAN LAW PLLC**

**David Leichtman (N.Y. 2824480)[2]**
e: dleichtman@leichtmanlaw.com
**Shane Wax (N.Y. 5347695)[3]**
e: swax@leichtmanlaw.com
**Devin L. Newman (N.Y. 5813316)[4]**
e: dnewman@leichtmanlaw.com
185 Madison Avenue, 15th Floor
New York, New York 10016
t: (212) 419-5210

*Attorneys for plaintiff Julie Dermansky*

---

[2] Motion to appear *pro hac vice* forthcoming.

[3] Motion to appear *pro hac vice* forthcoming.

[4] Motion to appear *pro hac vice* forthcoming.