UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIE DERMANSKY, | * | CASE NO. 2:24-cv-00105-JCZ-JVM |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| | * | |
| MORRIS BART, LLC, | * | |
| | * | |
| Defendant. | * | MAG. JUDGE JANIS VAN MEERVELD |

\* \* \* \* \* \* \* \* \* \* \*   \*

**MORRIS BART, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Morris Bart, LLC ("Defendant"), and, in response to the Complaint filed by Plaintiff, Julie Dermansky ("Plaintiff"), respectfully avers and pleads as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim or cause of action against Defendant for which any relief may be awarded.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief, whether at law, in equity, or otherwise, from or against Defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she has suffered no damage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by doctrine of misuse of copyright.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that she has abandoned her alleged copyright.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff authorized, explicitly or implicitly, Defendant's allegedly infringing use of the photograph, which infringement is expressly denied, and, as such, Plaintiff's claims are barred by the doctrine of implied license.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff explicitly or implicitly authorized, approved, consented to, and acquiesced in the activities and uses of the photograph placed at issue in the Complaint or otherwise and, as such, is estopped and barred from asserting any claims or causes of action predicated upon those activities and/or uses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has at all times acted in good faith and with non-willful intent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's alleged copyright is invalid and/or unenforceable.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct and committed no act, either directly or indirectly, that was or could have been the direct, legal, and/or proximate cause of any loss, damage, harm, or injury to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sustained any damage, loss, or injury in connection with the acts or occurrences alleged, described, or otherwise identified or referenced in the Complaint or otherwise (which is expressly and specifically denied), Plaintiff failed to undertake appropriate, timely, and reasonable steps to prevent or otherwise limit or mitigate against any such damage, loss, or injury and/or otherwise has acted in such a manner as to aggravate and/or exacerbate any such damage, loss, or injury, barring Plaintiff from recovering any and all such damages, losses, and injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages as pled are, in whole or in part, speculative, uncertain, contingent and/or premature.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the operation of the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations set forth in under 17 U.S.C. §507 (b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend and add additional defenses, affirmative defenses, and counterclaims, as merited by the investigation and discovery which will be pursued in this litigation. Defendant reserves and does not waive any applicable affirmative defense not herein pled.

### ANSWER

**AND NOW**, responding specifically and to the separately iterated allegations set forth in the numbered paragraphs contained in the Complaint and denying all allegations not expressly admitted herein, Defendant avers as follows:

### NATURE OF THE ACTION

1.

With regard to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that it has been made a defendant in this matter but denies the remaining allegations in Paragraph 1 as stated and further denies that Plaintiff is due any relief from Defendant.

## THE PARTIES

2.

The allegations contained in Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

3.

Admitted.

4.

Admitted.

## JURISDICTION AND VENUE

5.

Paragraph 5 of the Complaint contains legal conclusions, to which no response is required. Out of an abundance of caution and solely to the extent any further response is deemed necessary, the allegations contained in Paragraph 5 of the Complaint are denied.

6.

Paragraph 6 of the Complaint contains Plaintiff's allegations concerning jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this District may exercise jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.

Paragraph 7 of the Complaint contains Plaintiff's allegations concerning jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that the

Court has personal jurisdiction over Defendant because it transacts business in this District and maintains its principal place of business in this District.

8.

Paragraph 8 of the Complaint contains Plaintiff's allegations concerning venue, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District.

## BACKGROUND FACTS

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein. To the extent the allegations contained in Paragraph 9 are directed at Defendant or are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

12.

With regard to the allegations contained in Paragraph 12 of the Complaint, Defendant admits only that it published a photograph depicting City of New Orleans police officers patrolling

the French Quarter while mounted on horseback on its website on February 14, 2019, but otherwise denies the allegations contained in Paragraph 12 for lack of sufficient information to justify a reasonable belief therein. To the extent any allegations contained in Paragraph 12 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a reasonable belief therein. To the extent any allegations contained in Paragraph 13 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

14.

The allegations contained in Paragraph 14 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

15.

The allegations contained in the first sentence of Paragraph 15 of the Complaint are denied. The allegations contained in the second sentence of Paragraph 15 refer to an attachment to the Complaint marked as Exhibit C. Subject to and without waiving any right to challenge the authenticity or admissibility of Exhibit C, Defendant states that Exhibit C to the Complaint purports to be a screenshot taken from Defendant's webpage on March 11, 2022. To the extent the allegations contained in Paragraph 15 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

16.

Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the allegations set forth therein.

17.

The allegations contained in Paragraph 17 of the Complaint are denied as stated.

18.

The allegations contained in Paragraph 18 of the Complaint are denied.

19.

The allegations contained in the first sentence of Paragraph 19 of the Complaint are denied as stated. Further responding, Defendant states that Exhibit C purports to be a screenshot taken from Morris Bart's website as of March 11, 2022. Thus, to whatever extent Plaintiff alleges that Exhibit C reflects the contents displayed on dates other than the time-stamped date displayed thereon, such allegations are expressly denied. Defendant denies the allegations in the second sentence of Paragraph 19 for lack of sufficient information to justify a reasonable belief therein.

20.

Defendant admits that the "Privacy Policy" currently published on morrisbart.com contains the language quoted in Paragraph 20 (in addition to other language not quoted in the Paragraph). To the extent Paragraph 20 references specific documents or materials attached to the Complaint as exhibits, those documents are the best evidence of their own content, terms, and conditions.

21.

Defendant admits that the language "© 2024 MORRIS BART ATTORNEYS AT LAW - ALL RIGHTS RESERVED" and a link to the Privacy Policy are currently displayed at the bottom of Defendant's website located at morrisbart.com, but otherwise denies the remaining allegations in Paragraph 21 as stated and/or for lack of sufficient information to justify a reasonable belief therein.

22.

Paragraph 22 of the Complaint contains legal conclusions, to which no response is required. Out of an abundance of caution and solely to the extent any further response is deemed necessary, the allegations in Paragraph 22 of the Complaint are denied.

23.

With regard to the allegations contained in the first sentence of Paragraph 23 of the Complaint, Defendant admits that it was made a defendant in a proceeding previously filed by Plaintiff before the Copyright Claims Board ("CCB"), but otherwise denies the remaining allegations in the first sentence of Paragraph 23 for lack of sufficient information to justify a reasonable belief therein. To the extent Paragraph 23 references specific documents in the public record, those documents are the best evidence of their own content, terms, and conditions. Any allegations or contentions in Paragraph 23 of the Complaint relating to or implicating those records that misstate, are inconsistent with, contravene, or otherwise vary from the contents and provisions of the public record are expressly and affirmatively denied.

24.

The allegations contained in the first sentence of Paragraph 24 of the Complaint assert legal conclusions and/or statements of law to which no response is required. The allegations contained in the second sentence of Paragraph 24 are denied insomuch as they imply that Plaintiff's action is timely and are otherwise denied for lack of sufficient information to justify a reasonable belief therein.

25.

The allegations contained in the first sentence of Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein. The remaining allegations

contained in Paragraph 25 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 25 of the Complaint are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

## COUNT ONE:
## DIRECT COPYRIGHT INFRINGEMENT

26.

Defendant incorporates by reference its responses to Paragraphs 1 through 25 as though fully set forth herein.

27.

The allegations contained in Paragraph 27 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 27 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

28.

The allegations contained in Paragraph 28 of the Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

29.

The allegations contained in the first sentence of Paragraph 29 state legal conclusions, to which no response is required. The remaining allegations contained in Paragraph 29 are denied for lack of sufficient information to justify a reasonable belief therein. To the extent the allegations contained in Paragraph 29 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

30.

The allegations contained in Paragraph 30 are denied.

31.

The allegations contained in Paragraph 31 are denied.

32.

The allegations contained in Paragraph 32 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 32 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

33.

The allegations contained in Paragraph 33 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 33 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

34.

The allegations contained in Paragraph 34 state legal conclusions, to which no response is required. To the extent any further response may be required, the allegations contained in Paragraph 38 are denied as stated and Defendant further denies that Plaintiff is due any relief from Defendant.

35.

Defendant denies any allegations of willful infringement and further denies that Plaintiff is due any relief from Defendant.

36.

The allegations contained in Paragraph 36 state legal conclusions, to which no response is required. To the extent any further response may be required, the allegations contained in Paragraph 36 are denied.

37.

The allegations contained in Paragraph 37 state legal conclusions, to which no response is required. To the extent any further response may be required, the allegations contained in Paragraph 37 are denied.

38.

The allegations contained in Paragraph 38 state legal conclusions, to which no response is required. To the extent any further response may be required, the allegations contained in Paragraph 38 are denied.

**COUNT TWO:**
**FALSIFICATION AND/OR REMOVAL OF**
**COPYRIGHT MANAGEMENT INFORMATION**
**DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. §1202**

39.

Defendant incorporates by reference its responses to Paragraphs 1 through 38 as though fully set forth herein.

40.

The allegations contained in Paragraph 40 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 40 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

41.

The allegations contained in Paragraph 41 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 41 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

42.

The allegations contained in Paragraph 42 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 42 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

43.

The allegations contained in Paragraph 43 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 43 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

44.

The allegations contained in Paragraph 44 of the Complaint are denied.

45.

The allegations contained in Paragraph 45 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 45 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

46.

The allegations contained in Paragraph 46 allege expectations purportedly held by Plaintiff (the truth and/or accuracy of which is expressly denied), to which no response is required. Out of an abundance of caution and solely to the extent any further response is deemed necessary, the allegations contained in Paragraph 46 of the Complaint are denied.

47.

The allegations contained in Paragraph 47 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 47 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

48.

The allegations contained in Paragraph 48 state legal conclusions, to which no response is required. To the extent the allegations contained in Paragraph 48 are deemed to be allegations of fact or assertions of liability against Defendant, they are denied.

49.

The allegations contained in Paragraph 49 state legal conclusions, to which no response is required. To the extent further response is required, the allegations in Paragraph 49 are denied. In further response, Defendant denies that Plaintiff is due any relief from Defendant.

50.

The allegations contained in Paragraph 50 state legal conclusions, to which no response is required. To the extent further response is required, the allegations in Paragraph 50 are denied. In further response, Defendant denies that Plaintiff is due any relief from Defendant.

51.

The allegations contained in Paragraph 51 state legal conclusions, to which no response is required. To the extent further response is required, the allegations in Paragraph 51 are denied. In further response, Defendant denies that Plaintiff is due any relief from Defendant.

52.

The allegations contained in Paragraph 52 state legal conclusions, to which no response is required. To the extent a response is deemed necessary, the allegations in Paragraph 52 are denied.

## **PRAYER FOR RELIEF**

The Wherefore Paragraph of the Complaint does not require a response. To the extent a response is deemed required, Defendant denies the allegations contained in the Wherefore Paragraph, including subparts (a) through (e) and further denies that Plaintiff is entitled to the requested relief or to any relief whatsoever from Defendant.

Any and all allegations set forth in the Complaint not expressly and specifically admitted hereinabove are hereby denied, and Defendant demands strict proof thereof at a trial on the merits.

**WHEREFORE**, having fully answered the Complaint filed against it, Defendant prays that its Answer and Affirmative Defenses to Plaintiff's Complaint be deemed good and sufficient and that, after due proceedings, there be judgment in its favor and against Plaintiff, thereby dismissing all claims asserted therein with prejudice, and that costs and attorney's fees be assessed against Plaintiff, together with such further relief as the Court deems just and proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

*/s/ /Benjamin W. Janke*
BENJAMIN W. JANKE (La. Bar 31796)
EMILY ADELE GUIDA (La. Bar 39901)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: bjanke@bakerdonelson.com
Email: eguida@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT,
MORRIS BART, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

/s/ Benjamin W. Janke