UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIE DERMANSKY, | * | CASE NO. 2:24-cv-00105-JCZ-JVM |
| | * | |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | JUDGE JAY C. ZAINEY |
| | * | |
| MORRIS BART, LLC, | * | |
| | * | |
| Defendant. | * | MAG. JUDGE JANIS VAN |
| | * | MEERVELD |

* * * * * * * * * * *

**MORRIS BART, LLC'S COUNTERCLAIM
AGAINST JULIE DERMANSKY FOR MISUSE AND ABUSE OF COPYRIGHT**

Defendant/Counterclaimant, Morris Bart, LLC, by and through undersigned counsel, files this Counterclaim (the "Counterclaim") against Plaintiff/Counter-Defendant, Julie Dermansky. In support thereof, Morris Bart, LLC hereby alleges as follows:

**I.   PARTIES**

1. Morris Bart, LLC ("Morris Bart"), is a Louisiana limited liability company, with its principal place of business located at 601 Poydras Street, Floor 24, New Orleans, Louisiana, 70130.

2. Upon information and belief, Julie Dermansky ("Ms. Dermansky") is an individual residing in Louisiana.

**II.   JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Morris Bart's Counterclaim pursuant to 28 U.S.C. § 1338(a), as this is a civil action arising under an Act of Congress relating

to copyrights; pursuant to 28 U.S.C. § 1331 as it involves a federal question; and pursuant to 28 U.S.C. § 1367, as the claims contained herein are so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions or occurrences as provided under Fed. R. Civ. P. 13.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this suit occurred in the District.

### III.  FACTUAL ALLEGATIONS

5. Morris Bart, LLC is a personal injury law firm that provides legal services to personal injury victims in Louisiana, Mississippi, Alabama, and Arkansas.

6. Upon information and belief, Julie Dermansky is an artist and photojournalist who is based in the New Orleans area.

7. On February 14, 2019, Morris Bart published a blog post on its website, *morrisbart.com*, titled *New Orleans Mardi Gras: An Unofficial Guide to Common Sense & Not Getting Arrested*. The subject matter of the article was a public service message that provided safety precautions to consider during the Carnival season.

8. In connection with the above article, Morris Bart published a photograph (hereinafter the "Photograph") of City of New Orleans police officers patrolling the French Quarter while mounted on horseback, which was accessed by an employee of Morris Bart in February of 2019 for use in connection with the above-referenced article.

9. Upon information and belief, the Photograph was publicly posted at least as early as March of 2017, on a website known as "Horse and Man," and was made available without any watermark, insignia, or any other notation indicating that the Photograph belonged to Ms. Dermansky or any other individual.

10. Unbeknownst to Morris Bart at the time the article was published on its website, Ms. Dermansky claims to own a copyright in the Photograph.

11. Ms. Dermansky claims to have discovered the alleged infringement on October 2, 2020.

12. On March 23, 2022, nearly two and a half years after Ms. Dermansky allegedly discovered the use of the Photograph on Morris Bart's website, Morris Bart received a letter from Ms. Dermansky informing Morris Bart of her alleged ownership of the Photograph and her claims regarding the same.

13. Immediately upon receiving Ms. Dermansky's letter, Morris Bart removed the Photograph from its website.

14. On July 19, 2023, Ms. Dermansky initiated a proceeding for copyright infringement against Morris Bart before the Copyright Claims Board ("CCB") in the matter styled *Julie Dermansky v. Morris Bart, LLC*, 23-CCB-0244, (the "CCB Proceeding").

15. Morris Bart waived service and prepared a response to be filed in the then-active CCB Proceeding. However, just one day prior to the response deadline, Ms. Dermansky filed a request for dismissal of the CCB Proceeding in order to pursue her claims in federal court.[1]

16. On January 10, 2024, Ms. Dermansky filed the instant lawsuit (the "Lawsuit") against Morris Bart for copyright infringement and falsification and/or removal of Copyright Management Information ("CMI").

---

[1] One can reasonably infer that Ms. Dermansky's "forum shopping" endeavors were likely motivated by early trends displayed among the CCB in awarding damages at the lower end of the applicable range, which damages are limited to $30,000 at the absolute maximum in any event (far less than the absurdly multiplied damages she seeks herein).

17. Despite Morris Bart's efforts to resolve this matter amicably prior to filing the Counterclaim, Ms. Dermansky has continued to demand exorbitant sums of money from Morris Bart that far exceed any reasonable damages that could have possibly been sustained as a result of the single usage of the Photograph (the sustenance of which is expressly denied in its entirety).

18. Upon information and belief, Ms. Dermansky has been involved in more than **fifty-three (53) lawsuits** involving similar claims and demands against others who allegedly used her photographs without a license.[2]

19. Upon information and belief, Ms. Dermansky intentionally allows her images to be posted online without copyright notice and utilizes technology and/or services to track who uses or downloads of the photographs so that she can sue or extort money from those who have allegedly used her photographs without a license.

20. Upon information and belief, and as evidenced by her blatant failure to provide any notice to Morris Bart for *more than two and a half years* after allegedly discovering the alleged infringement, Ms. Dermansky intentionally waited to assert any rights or claims against Morris Bart for purposes of forestalling or otherwise limiting available evidence and information regarding the alleged infringement.[3]

---

[2] *See, e.g.*, *Minden Pictures, Inc. v. Complex Media, Inc.,* No. 22-CV-4069 (RA), 2023 WL 2648027, at 1 (S.D.N.Y. Mar. 27, 2023) (finding that the plaintiff failed to exercise due diligence with respect to its copyrights, despite being a "seasoned litigator" that clearly used sophisticated methods to detect infringing images and whose "business is designed to protect and enforce the copyrighted works that it licenses, and employs intricate means of doing so"); *see also, e.g., Minden Pictures, Inc. v. Buzzfeed, Inc.,* 390 F. Supp. 3d 461 (S.D.N.Y. 2019) (concluding that a reasonable copyright holder in [plaintiff]'s position – **that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights**… – should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period") (emphasis added).

[3] *See e.g., Malibu Media, LLC v. Miller,* No. 13-CV-02691-WYD-MEH, 2014 WL 2619558, at *5 (D. Colo. June 12, 2014) (finding that the defendant's allegations were sufficient to support a claim of copyright misuse where the defendant alleged, in relevant part, that the plaintiff "uses the same procedures of monitoring unsuspecting members of the public, directly connecting with the individual's IP address, providing no 'cease and desist' notice, waiting until the evidence is destroyed, filing suit, and offering to settle in exchange for dismissing the suit.").

21. Upon information and belief, and as evidenced by the astounding number of lawsuits filed, Ms. Dermansky is what courts have deemed a "copyright troll" who, by and through her attorneys and agents, is engaged in a pattern and practice of pursuing vexatious litigation for the purpose of extracting settlements that are grossly disproportionate to any damages sustained, or to any statutory damages that would be warranted under judicial discretion.

22. Ms. Dermansky was formerly represented by attorney Richard Liebowitz, who has repeatedly been sanctioned by courts as a "copyright troll" and whose law license has since been suspended for engaging in conduct that is "immediately threatening the public interest."[4]

23. Upon information and belief, Ms. Dermansky, by and through her current counsel of Leichtman Law PLLC, continues to engage in this same abusive and/or improper conduct by asserting unsubstantiated claims to coerce exorbitant sums of money from parties such as Morris Bart as a part of this enterprise to misuse and abuse the Copyright Act.

24. Ms. Dermansky, by and through counsel, has repeatedly threatened Morris Bart with infringement penalties that exaggerate or misstate the law.

25. The business strategy in which Ms. Dermansky has engaged is far removed from the underlying policy principles embodied by the Intellectual Property Clause of the United States Constitution and is highly detrimental to the fair administration of justice.

## COUNT I

### Misuse of Copyright

26. Morris Bart specifically realleges and incorporates by reference each and every preceding allegation contained in this Counterclaim as though fully set forth herein.

---

[4] *See, e.g.*, *In the Matter of Richard P. Liebowitz*, New York Supreme Court, Appellate Division, Second Department, No. 2021–0003.

27. Copyright protection exists "to promote the Progress of Science and the useful Arts." U.S. Const. art. I, § 8, cl. 8.

28. Copyrights should not be enforced when such enforcement does not fulfil the Constitutional purpose of copyright protection.

29. Ms. Dermansky, by and through undersigned counsel, has filed the present lawsuit in an effort to harass or otherwise coerce Morris Bart into paying outrageous sums of money to which Ms. Dermansky is not entitled.

30. Ms. Dermansky has knowingly asserted unsubstantiated factual and legal allegations against Morris Bart.

31. Ms. Dermansky has used and continues to use her copyright in the Photograph to engage in abusive litigation tactics for the sole purpose of financial gain that is far beyond any license fee to which she would be entitled.

32. Ms. Dermansky's use of her intellectual property does not comport with the Constitutional purpose of copyright protection and is detrimental to the fair administration of justice.

33. Ms. Dermansky has leveraged her copyright in the Photograph in such a way that undermines the Constitution's goals of promoting invention and creative expression.

34. Ms. Dermansky's wrongful and unscrupulous use of her copyright in the Photograph has caused damage to Morris Bart.

35. Ms. Dermansky's wrongful conduct is likely to continue unless restrained or enjoined.

36. As a result of Ms. Dermansky's gross misuse and abuse of her copyright, Ms. Dermansky should be precluded from enforcing her copyright in the Photograph.

37. Further, Morris Bart is entitled to any damages and/or reasonable attorneys' fees as this Court deems just and proper.

**WHEREFORE**, Morris Bart, LLC hereby respectfully requests the following relief against Plaintiff/Counter-Defendant Julie Dermansky:

A. That the Court find that Ms. Dermansky has misused and abused her copyright in the Photograph;

B. That the Court declare that Ms. Dermansky's copyright in the Photograph is unenforceable;

C. That Ms. Dermansky be enjoined from filing further copyright claims without engaging in reasonable settlement discussions;

D. That Morris Bart, LLC be awarded its costs and attorneys' fees with respect to this action;

E. That Morris Bart, LLC be awarded all damages that it has sustained as a consequence of Ms. Dermansky's acts as complained of herein; and

F. That the Court grant Morris Bart, LLC such other, further, and additional relief as the Court deems just and proper.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

*/s/ Benjamin W. Janke*
BENJAMIN W. JANKE (La. Bar 31796)
EMILY ADELE GUIDA (La. Bar 39901)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Email: bjanke@bakerdonelson.com
Email: eguida@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT,
MORRIS BART, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record for all parties.

                                                                    */s/ Benjamin W. Janke*